UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK, AS SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE ON BEHALF OF THE CERTIFICATEHOLDERS OF THE CWHEQ INC., CWHEQ REVOLVING HOME EQUITY LOAN TRUST, SERIES 2006-H, <br><br> Plaintiff, <br><br> v. <br><br> RED ROCK COUNTRY CLUB HOMEOWNERS ASSOCIATION; and SFR INVESTMENTS POOL 1, LLC, <br><br> Defendants. | Case No. 2:17-cv-01830-MMD-CWH <br><br> ORDER |

**I.     SUMMARY**

Plaintiff asserts claims against Defendants Red Rock Country Club Homeowners Association ("HOA") and SFR Investment Pool 1, LCC ("SFR") arising from the HOA's foreclosure on property ("the Property") encumbered by a senior deed of trust held by Plaintiff. (ECF No. 1.) Plaintiff subsequently filed a motion to stay (ECF No. 25) because of a state action involving the same Property ("State Action"). SFR opposes a stay and moves for dismissal. (ECF Nos. 27, 28.) The Court has reviewed the briefs relating to the parties' motions. For the reasons discussed herein, SFR's motion to dismiss (ECF No. 28) is granted and Plaintiff's motion to stay (ECF No. 25) is denied as moot.

## II. RELEVANT BACKGROUND

The Complaint alleges the usual claims common to these HOA foreclosure cases—quiet title/declaratory judgment and injunctive relief against Defendants, and wrongful foreclosure and breach of NRS § 116.1113 against the HOA. (ECF No. 1 at 6-12.) The relief requested includes an order declaring the foreclosure sale void ab initio and enjoining SFR from transferring or encumbering the Property. (*Id.* at 12-13.) Plaintiff asserts that the foreclosure sale on the Property occurred on August 1, 2013. (*Id.* at 2.)

On August 6, 2013, a few days after the foreclosure sale, the owners of the Property at the time of the sale filed the State Action against SFR, the HOA and others. (ECF No. 25 at 2; ECF No. 28 at 2.) SFR answered and asserted counterclaims for quiet title. (ECF No. 28 at 2.) Plaintiff intervened in the State Action in August 2014. (*Id.*) The State Action was later stayed pending the parties' completion of mediation and the court statistically closed the State Action on January 25, 2017. (ECF No. 25 at 2.)

About six months later, on July 5, 2017, Plaintiff initiated this action because, according to Plaintiff, of "SFR's unwillingness to move the state court action forward."[1] (ECF No. 25 at 2.) Yet, on January 10, 2018, Plaintiff filed a motion in the State Action to dismiss or alternatively to reopen the case. (*Id.* at 3.) The state court denied Plaintiff's motion to dismiss, but reopened the case. (*Id.*) On August 21, 2018, Plaintiff filed a motion to dismiss in the State Action. (ECF No. 34.)

## III. DISCUSSION

SFR argues that the Court should dismiss rather than stay this action because of the prior exclusive jurisdiction doctrine and because Plaintiff elected to intervene in the State Action in 2014. (ECF No. 28 at 4-5.) The Court agrees.

"The prior exclusive jurisdiction doctrine holds that when one court is exercising *in rem* jurisdiction over a *res*, a second court will not

---

[1] Of course, Plaintiff could have filed a motion to reopen the State Action in July 2017 when the State Action had only been statistically closed for about six months, as it later did in January 2018.

assume *in rem* jurisdiction over the same *res.*" *Chapman v. Deutsche Bank Nat'l Trust Co.,* 651 F.3d 1039, 1043 (9th Cir. 2011) (citation and internal quotation marks omitted). In *Chapman v. Deutsche Bank Nat'l Trust Co.,* 302 P.3d 1103 (Nev. 2013), the Nevada Supreme Court held that quiet title proceedings are *in rem* or quasi *in rem* in nature. Accordingly, the Court cannot assume *in rem* jurisdiction.

Plaintiff insists that exceptional circumstances here warrant a stay rather than dismissal in part because its quiet title claim is an *in rem* proceeding. (ECF No. 25 at 5.) However, the State Action also involves a quiet title claim. Moreover, Plaintiff elected to intervene and apparently participated in the prerequisite mediation in connection with the State Action. Yet, instead of moving to reopen the State Action when SFR purportedly refused to move that action forward, Plaintiff filed this action. Plaintiff then waited seven more months to move to reopen or dismiss the State Action. Under these circumstances, the Court declines to stay the action.

### IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that SFR's motion to dismiss (ECF No. 28) is granted.

It is further ordered that Plaintiff's motion to stay (ECF No. 25) is denied as moot.

The Clerk is directed to enter judgment in accordance with this order and close this case.

DATED THIS 29th day of August 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE